UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Jorge A Del Aguila and
Saharah E Ali-Del Aguila,
              Debtors.

Chapter 7
Case No. 16-21255-svk

World's Foremost Bank,
              Plaintiff,
v.

Adversary No. 16-02191

Jorge A. Del Aguila,
              Defendant.

**MEMORANDUM DECISION DENYING MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, World's Foremost Bank, filed an adversary complaint requesting a determination that certain credit card debt incurred by the Debtor-Defendant is nondischargeable under the fraud or luxury goods exceptions of 11 U.S.C. §§ 523(a)(2)(A) and (C). The Defendant answered and also filed a motion for summary judgment.

Summary judgment is appropriate if the pleadings and affidavits on file show there is no genuine dispute as to any material fact, and the Defendant is entitled to judgment as a matter of law. *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56; *Omega Healthcare Inv'rs, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 857 (7th Cir. 2007). The Court views all facts and draws all inferences in the light most favorable to the Plaintiff as the non-moving party. *Omega Healthcare Inv'rs, Inc.*, 475 F.3d at 857.

The Complaint alleges that within 90 days of the petition, the Defendant incurred credit card debt aggregating more than $650 to purchase luxury goods or services, raising the presumption of nondischargeability under 11 U.S.C. § 523(a)(2)(C)(i)(I). The Bankruptcy Code

states that "the term 'luxury goods or services' does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor." 11 U.S.C. § 523(a)(2)(C)(ii)(II). The Defendant's primary argument is that the Complaint only specifically identifies two purchases, aggregating less than $650, and that because the Plaintiff did not appear at the Section 341 meeting of creditors or conduct a Rule 2004 examination, the Plaintiff cannot establish that the purchases were luxuries.

But the Defendant has not disputed the validity of the account statements attached to the Complaint as Exhibit A. (Docket No. 7 at 3.) The Defendant claims that only one purchase "can possibly be considered a luxury service, namely, the charge at Walker's Point Tattoo for $345," but the statement shows another charge at Walker's Point Tattoo for $250, for a total of $595 at that establishment. (Docket No. 7 at 5; *see* Docket No. 1, Exhibit A at 3.) The Plaintiff also highlights a $210.91 charge at Maggiano's Restaurant and charges at Target, Walgreens, Time Warner Cable, Sirius XM, and Starbucks, arguably qualifying as luxury goods or services. (Docket No. 10 at 5-6.) Drawing all inferences in favor of the Plaintiff, the restaurant charge is not reasonably necessary for the support or maintenance of the Defendant and his family. Combining the restaurant charge with the tattoo parlor expenses, the Plaintiff clears the $650 threshold, and the rebuttable presumption of nondischargeability arises. Given the disputed facts as to whether the charges are for luxury goods, summary judgment is not appropriate on the first count of the Complaint.

The Complaint also alleges that the debt is nondischargeable under Section 523(a)(2)(A) as a debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." The Defendant first argues that the Plaintiff's claim depends on statements about his financial condition, and because

2

Section 523(a)(2)(A) excludes such claims, he is entitled to summary judgment. The Court rejects this argument; the exception is intended to confine claims based on a debtor's false financial statement to 11 U.S.C. § 523(a)(2)(B).

Application of Section 523(a)(2)(A) to credit card transactions is not straight-forward, because a credit card user does not make an express representation to the issuer of the card when making a purchase. *See Capital One Bank v. Bungert (In re Bungert)*, 315 B.R. 735, 737-40 (Bankr. E.D. Wis. 2004). In applying the statute, courts have developed several approaches, and this Court noted that "a credit card issuer may establish actual fraud for purposes of Section 523(a)(2)(A) by proving that the debtor's use of the card was made with an actual, subjective intent not to repay the issuer by discharging the debt in bankruptcy or otherwise." *Id.* at 739 (quoting *Citibank (South Dakota), N.A. v. Brobsten (In re Brobsten)*, Ch. 7 Case No. 99-82598, Adv. No. 99-8201, 2001 Bankr. LEXIS 2121, at *12 (Bankr. C.D. Ill. Nov. 20, 2001)). The Court based its analysis on *McClellan v. Cantrell*, 217 F.3d 890, 892-93 (7th Cir. 2000), in which the Seventh Circuit Court of Appeals defined "actual fraud" as used in Section 523(a)(2)(A) to include "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." Recently, the Supreme Court reaffirmed this approach. *See Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581 (2016) (holding "actual fraud" under 11 U.S.C. § 523(a)(2)(A) includes fraudulent conveyance schemes not involving a misrepresentation).

The Defendant recognizes that the Plaintiff's theory alternatively relies on an assertion that the Defendant engaged in a scheme to defraud the Plaintiff, and asserts there is "no basis in fact or in reality" for this. (Docket No. 12 at 6.) However, the Defendant cannot prevail on summary judgment unless he "establishe[s] with undisputed facts [his] subjective intent was to

3

repay Plaintiff." *See FIA Card Servs. N.A. v. Quinn (In re Quinn)*, 492 B.R. 341, 347 (Bankr. N.D. Ga. 2013). Here, the Plaintiff has provided enough evidence to show a genuine dispute as to whether the Defendant intended to repay. "Since debtors rarely admit to an intent not to repay, the plaintiff must resort to circumstantial evidence to prove the debtor's state of mind." *Bungert*, 315 B.R. at 739. This determination is fact-sensitive, and the Court turned to twelve factors in *Bungert*, 315 B.R. at 739-40 and *Chase Bank USA, N.A. v. Landry (In re Landry)*, Ch. 7 Case No. 08-22584-svk, Adv. No. 08-02150 (Bankr. E.D. Wis. Oct. 6, 2008), *aff'd*, No. 08-C-947, 2009 U.S. Dist. LEXIS 29927 (E.D. Wis. Apr. 7, 2009):

> 1. The length of time between charges made and bankruptcy filing.
> 2. Whether an attorney was consulted regarding bankruptcy before the charges were made.
> 3. The number of charges made.
> 4. The amount of the charges.
> 5. The debtor's financial condition when the charges were made.
> 6. Whether the charges exceeded the credit limit of the card.
> 7. Whether multiple charges were made on the same day.
> 8. Whether the debtor was employed.
> 9. The debtor's prospects for employment.
> 10. The debtor's financial sophistication.
> 11. Sudden changes in the debtor's buying habits.
> 12. Whether the purchases were for luxuries or necessities.

(citing *Brobsten*, 2001 Bankr. LEXIS 2121, at *12-13 and *AT&T Universal Card Servs. v. Alvi (In re Alvi)*, 191 B.R. 724, 733 (Bankr. N.D. Ill. 1996)).

In this case, the Plaintiff has come forward with evidence from the account statements showing a dispute as to whether the Defendant intended to repay the debt. The Defendant opened the credit card account on December 2, 2015, less than 80 days before he filed for bankruptcy. (Docket No. 7 at 3.) The statements show the Defendant then maxed out the credit limit on the card, including by making purchases for luxuries. (Docket No. 1 at Exhibit A.) According to the Defendant's bankruptcy schedules, the Defendant had over $108,000 in other

4

unsecured debt; given the Defendant's income, it is highly questionable whether he could meet his financial obligations. (Ch. 7 Case No. 16-21255-svk, Docket No. 1 at 22-30.)

Case law cited by the Defendant is distinguishable. In *FIA Card Servs., N.A. v. Flowers (In re Flowers)*, 391 B.R. 178 (M.D. Ala. 2008), the bankruptcy court granted the debtor-defendant's motion for summary judgment. On appeal, the district court alternatively considered several tests for nondischargeability of credit card debt under Section 523(a)(2)(A), given uncertainty in the law in the Eleventh Circuit. In looking at the factors this Court considered in *Bungert* and *Landry*, the district court determined the plaintiff "produced virtually nothing to meet this test." *Id.* at 181. The defendant filed an affidavit asserting he intended to repay his debt, and the plaintiff offered no rebuttal. *Id.* Instead, the plaintiff relied almost exclusively on the defendant's inability to repay the credit card, which the court observed was not evidence of his intent not to perform at the time he incurred the debt. *Id.* at 182.

In this case, the Plaintiff points to facts relating to the timing of the opening of the account, the purchases the Defendant made, and the amount of spending as circumstantial evidence of intent not to repay. The district court in *Flowers* agreed with the bankruptcy court that the plaintiff was not substantially justified in bringing the action, citing its "utter failure to adduce evidence demonstrating Flowers's intent to defraud under any reasonable theory." *Id.* at 183. The plaintiff would have needed to conduct a pre-filing investigation to determine whether there was evidence to support an assertion of fraud. *Id.* Here, however, the timing of the opening of the account, the nature of the charges, and the significant amount of additional credit card debt on the bankruptcy schedules establishes sufficient circumstantial evidence to show a dispute as to the Defendant's intent.

5

Case 16-02191-svk    Doc 14    Filed 09/01/16    Page 5 of 6

In sum, on these facts, neither count of the Complaint lends itself well to summary judgment. The account statements raise questions of fact about whether certain purchases were luxuries. It is possible that some charges were incurred for the support or maintenance of the Defendant's family, but without any testimony, the Court is unable to draw the conclusion. *See FIA Card Servs., N.A. v. George (In re George)*, 381 B.R. 911, 916 (Bankr. M.D. Fla. 2007) (considering whether goods or services serve a family function and evidence fiscal responsibility). And proving or defending a claim under Section 523(a)(2)(A) depends in large part on proof of the debtor's intent, a difficult task on summary judgment. Without an uncontroverted affidavit like in *Flowers*, where the plaintiff relied solely on the debtor's inability to pay, summary judgment is not appropriate. Since the Plaintiff has pointed to facts showing a genuine dispute about the Defendant's intent to repay the charges, the Court will not grant the Defendant's motion.

Both sides have requested attorneys' fees. The requests are premature. An order will be entered denying the Motion for Summary Judgment and the case will be set for trial.

Dated: September 1, 2016

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge